[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15860
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00524-CV-JHH-S

ALTHA HARRELL,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT OF EDUCATION,
JOSEPH B. MORTON, in his individual capacity and
official capacities as State Superintendent of Education,
TOMMY B. WARREN, in his individual capacity and
official capacities as Director of the State of Alabama
Department of Education,
ALABAMA STATE PERSONNEL DEPARTMENT,
JACKIE B. GRAHAM, in her individual and official capacities
as State Personnel Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 1, 2009)

Before DUBINA, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Altha Harrell appeals the district court's grant of summary judgment in favor of two Alabama entities – the State of Alabama Department of Education and the Alabama State Personnel Department – and three state officials – Tommy B. Warren, the Director of the State of Alabama Department of Education, Joseph B. Morton, the State Superintendent of Education, and Jackie B. Graham – in their respective individual and official capacities on her claims of racial discrimination and retaliation raised pursuant to 42 U.S.C. §§ 1981 and 1983. Harrell, a black female, filed a complaint which alleged that the defendants failed to promote her to a Supervisor position because of her race.[1]

Harrell argues on appeal that because she presented triable issues of fact regarding pretext, summary judgment was inappropriate. Specifically, she contends that Warren and Morton's reasons for promoting two white females (Lindsey and Vaughan) over her – higher annual performance scores and better performances during interviews – were pretextual because: (1) she was better qualified for the

---

[1] Because Harrell does not set forth any arguments for her retaliation claim or challenge the district court's grant of summary judgment to the two Alabama entities – the State of Alabama Department of Education and the Alabama State Personnel Department – or to the three state officials – Warren, Morton, and Graham – in their respective official capacities as well as Graham in her individual capacity, we conclude that she has abandoned those issues. *Mathews v. Crosby*, 480 F.3d 1265, 1268 n.3 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 865 (2008).

position than Lindsey and Vaughan; (2) Warren inappropriately considered Lindsey and Vaughan's experience as assistant supervisors, a title not recognized by the State Personnel Department; and (3) Warren could not rely on better performance scores for a reason to recommend Lindsey and Vaughan because he admitted he was not aware of the scores when he recommended Lindsey and Vaughan for Supervisor.

We review a district court's grant of summary judgment *de novo*, viewing all evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

Where, as here, an employee attempts to prove discriminatory intent by circumstantial evidence, the claims are subject to the *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973), methods of proof. *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 805 (11th Cir. 1995).

Once the plaintiff has made out the elements of the *prima facie* case, and the employer has articulated a non-discriminatory basis for its employment action, the plaintiff must show that the proffered reasons were pretextual. *Vessels*, 408 F.3d at 767-68. (internal citations omitted). Specifically, to survive summary judgment, the employee must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).

In a failure to promote case, a "plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [employee] who received the position [s]he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000) (internal quotations omitted). We have explained, "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it." *Chapman*, 229 F.3d at 1030. A plaintiff must show that the disparities

4

between the successful applicant's and her own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff . . . ." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456-57, 126 S. Ct. 1195, 1197, 163 L. Ed. 2d. 1053 (2006) (approving of this language in *Cooper*).

The record here demonstrates that Harrell failed to show that no reasonable person would have chosen to promote Lindsey and Vaughan to Supervisor over her. Harrell did not rebut Warren and Morton's assertion that Lindsey and Vaughan had higher annual performance scores than she did. While Harrell contends Warren was not aware of the performance scores at the time he made his decision, Warren's deposition testimony indicates that, while he was not aware of the specific scores, he was aware Lindsey and Vaughan had higher annual performance scores. Harrell likewise failed to rebut Warren and Morton's contention that Lindsey and Vaughan's performance in the interview was superior. Even if Harrell's contention that Warren inappropriately relied on Lindsey and Vaughan's experience as assistant supervisors is true, it is only a mere scintilla of evidence, as she failed to rebut head on Warren and Morton's reasons for not promoting her. Instead, Harrell simply quarrels with Warren and Morton's decision

5

to promote Lindsey and Vaughan over her. Consequently, Harrell failed to raise a genuine issue of fact as to whether Warren and Morton's proffered reasons for failing to promote her were pretextual. Accordingly, we affirm the district court's grant of summary judgment in favor of the employer.[2]

**AFFIRMED.**

---

[2] Because we hold that Harrell failed to raise a genuine issue of fact as to whether Warren and Morton's proffered reasons for failing to promote her were pretextual, we do not need to decide whether Warren and Morton are entitled to qualified immunity.